IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff-Respondent,<br><br>vs.<br><br>CHUN MEI TONG,<br><br>                  Defendant-Petitioner. | CR. NO. 18-00082 JMS<br>CIV. NO. 22-00202 JMS-RT<br><br>ORDER (1) DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY, ECF NO. 158; AND (2) DENYING CERTIFICATE OF APPEALABILITY |

**ORDER (1) DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY, ECF NO. 158; AND (2) DENYING CERTIFICATE OF APPEALABILITY**

Before the court is a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" ("Petition") filed by Petitioner Chun Mei Tong ("Tong"). ECF No. 158.[1] For the reasons set forth below, the court DENIES the Petition and DENIES a Certificate of Appealability.

## I. BACKGROUND

On September 6, 2019, Tong was found guilty by a jury of Counts 1 to 8 of an Indictment charging her with (1) five counts of wire fraud in violation of 18 U.S.C. § 1343; and (2) three counts of aggravated identity theft in violation of

---

[1] All ECF citations are to the docket in Criminal Case No. 18-00082 JMS.

1

18 U.S.C. § 1028A(a)(1). *See* ECF Nos. 1, 86, 87. These charges stemmed from Tong's criminal conduct as an employee of the United States Department of Housing and Urban Development ("HUD"). More specifically, during her employment with HUD, Tong rented properties to tenants via the Section 8 Housing Choice Voucher Program (the "Section 8 program"), in violation of federal regulations that prohibit HUD employees from participating in the Section 8 program. *See* Presentence Investigation Report ("PSR") ¶ 11, ECF No. 100 at PageID # 700.

On January 6, 2020, the court sentenced Tong to a total of 66 months imprisonment (five concurrent 42-month terms of incarceration (Counts 1 to 5) and three concurrent 24-month terms of incarceration (Counts 6 to 8), with the three concurrent 24-month terms of incarceration to run consecutively to the sentence for Counts 1 to 5). *See* ECF Nos. 105, 109. Tong's sentence also included a criminal monetary penalty of $207,874.00 in restitution to be paid to the City and County of Honolulu Department of Community Services ("DCS") and the Hawaii Public Housing Authority ("HPHA"). ECF No. 109 at PageID # 887 (specifying that $195,890 in restitution be paid to DCS and $11,984 in restitution be paid to HPHA). Tong was also sentenced to a three-year term of supervised release (three years supervised release as to Counts 1 to 5 and one year supervised release as to

Counts 6 to 8, all to run concurrently). *See id.* at PageID # 883. Judgment was entered on January 10, 2020. *See* ECF No. 109.

On January 15, 2020, Tong appealed the restitution order that was entered as part of her sentence. *See* ECF No. 115. On January 20, 2022, the Ninth Circuit affirmed. *See United States v. Tong*, 2022 WL 187852, at *1 (9th Cir. Jan. 20, 2022) (mem.); ECF No. 156. Tong did not file a petition for panel rehearing or a petition for rehearing en banc, nor did she file a writ of certiorari with the Supreme Court. *See* ECF No. 158 at PageID # 2603. Tong filed the present Petition on April 28, 2022. *See id.* at PageID # 2614 (signing the Petition on April 28, 2022).

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A court may dismiss a § 2255 petition if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." R.4(b) Governing § 2255 Proceedings in the U.S. Dist. Cts.

3

"In determining whether a hearing and findings of fact and conclusions of law are required, '[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted.'" *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2010) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)).  "Thus, the district court's decision that [the petitioner's] ineffective assistance claim did not warrant an evidentiary hearing [is] correct if his allegations, 'when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal.'" *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (quoting *Schaflander*, 743 F.2d at 717). Conclusory statements in a § 2255 petition are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

Because the court concludes that the issues in Tong's Petition can be conclusively decided on the basis of the existing record, the court will not hold an evidentiary hearing.

### III.  DISCUSSION

**A.  Tong Cannot Collaterally Attack the Restitution Judgment via a § 2255 Petition**

Tong's Petition raises a single ineffective assistance of counsel claim—her counsel failed to raise two arguments related to restitution: (1) that the victims' loss amount was overstated because, had the victims not paid Tong for

4

providing Section 8 housing to qualified tenants, they would have paid a similar amount to a different landlord; and (2) that Tong was not given credit at sentencing for the "$5,125.00 restitution [that] was paid" after trial but before sentencing to the City and County of Honolulu.  See ECF No. 158 at PageID # 2615.

But it is well-settled that a § 2255 petition cannot be used as a vehicle to collaterally attack a restitution order: "28 U.S.C. § 2255 is available to prisoners claiming the right to be released from custody.  Claims for other[] types of relief, such as relief from a restitution order, cannot be brought in a § 2255 motion, whether or not the motion also contains cognizable claims for release from custody." *United States v. Thiele*, 314 F.3d 399, 400 (9th Cir. 2002); *see also* 28 U.S.C. § 2255(a).

Here, Tong does not seek release from custody; rather, she seeks relief from the restitution order (i.e., a reduction by $5,125 of the restitution owed).  And although Tong styles the Petition as raising an ineffective assistance of counsel claim, her claim remains non-cognizable under § 2255.  *See Thiele*, 314 F.3d at 401-02 ("Nor does it matter that [a § 2255 petitioner] couched his restitution claim in terms of ineffective assistance of counsel," because "by its plain terms, § 2255 is available only to defendants who are in custody and claiming the right to be released.  It cannot be used solely to challenge a restitution order." (quoting *United*

5

*States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999)).  Thus, Tong's Petition is barred.

**B.     Leave to Amend to Assert Coram Nobis Relief Would Be Futile**

Although Tong's Petition necessarily fails, the court recognizes that some authority allows—in limited situations—challenges to restitution orders to be sought under a writ of error coram nobis.  *See Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997) (affirming denial of a § 2255 petition seeking to challenge a restitution order, but stating that "the unavailability of relief under § 2255 does not leave a deserving petitioner entirely without recourse," as the Seventh Circuit had "approved the use of a writ of error coram nobis to challenge a restitution order that was based on inaccurate information"); *see also, e.g.*, *Kaminski v. United States*, 339 F.3d 84, 90 (2d Cir. 2003) (recognizing "[t]he possible existence of coram nobis" to challenge a restitution judgment, but emphasizing that "coram nobis can relieve an individual of the continuing noncustodial effects of a criminal conviction only when *fundamental* errors were made" (emphasis in original)) (Calabresi, J., commenting separately).

But here, a writ of error coram nobis is unavailable to Tong—the writ "affords a remedy to attack a conviction when the petitioner has served [her] sentence and is no longer in custody."  *United States v. Kroytor*, 977 F.3d 957, 961 (9th Cir. 2020) (quoting *United States v. Kwan*, 407 F.3d 1105, 1109 (9th Cir.

6

2005)). Tong is currently incarcerated with a projected release date of October 13, 2024.[2] Thus, granting Tong leave to amend to assert coram nobis relief would be premature and futile.

## IV. **CERTIFICATE OF APPEALABILITY**

In denying the Petition, the court must also address whether Tong should be granted a certificate of appealability ("COA"). *See* R.11(a) Governing § 2255 Proceedings in the U.S. Dist. Cts. (providing that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). A COA may be issued only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"The standard for a certificate of appealability is lenient." *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc), *overruled on other grounds by Swarthout v. Cooke*, 562 U.S. 216 (2011). The petitioner is required to demonstrate only "that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further." *Id*. (citation and internal quotations marks omitted); *see also Slack v.*

---

[2] Tong is currently incarcerated at the Federal Detention Center Honolulu with a projected release date of October 13, 3024. *See* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 4, 2022).

*McDaniel*, 529 U.S. 473, 484 (2000) (holding that a certificate of appealability should issue only if a prisoner shows, among other things, "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"). The standard "requires something more than the absence of frivolity, but something less than a merits determination." *Hayward*, 603 F.3d at 553 (citation and internal quotation marks omitted).

The court carefully reviewed Tong's assertions and gave her every benefit by liberally construing them. Based on the above analysis, and considering all of the allegations in Tong's Petition, the court finds that reasonable jurists could not find the court's rulings debatable. Accordingly, a COA is DENIED.

## V. <u>CONCLUSION</u>

For the foregoing reasons, the court DENIES Tong's Petition, ECF No. 158, and DENIES a Certificate of Appealability. The Clerk of Court is directed to close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 4, 2022.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Tong*, Cr. No. 18-00082 JMS, Civ. No. 22-00202 JMS-RT, Order (1) Denying Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 158; and (2) Denying Certificate of Appealability